FILED
 2010 Mar-24  PM 12:44
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JANA B. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-1117-J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Jana B. Miller, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).

Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, Charles L. Brower, must be reversed and the action remanded for further development of the record.

In his opinion, ALJ Brower wrote:

> **Non-Hodgkin's Lymphoma.** In April 2004, Claimant was diagnosed with Non-Hodgkin's Lymphoma involving her right parotid gland for which she underwent a parotidectomy in May 2004, followed by a three-cycle course of chemotherapy through July 2004 and a course of radiation which ended in September 2004. Exhibits 1F, 2F, 3F, 4F, 5F, and 7F. Subsequently she has not received specific treatment for this condition and diagnostic studies have been negative for the recurrence of lymphoma. Exhibits 3F, 4F, 5F, 7F, 8F, and 10F.
>
> I find that Claimant's alleged Non-Hodgkin's Lymphoma is not a severe impairment. An impairment is "severe" only if it meets the 12-months duration requirement (§§ 1505(a) and 1509) and it significantly limits a claimant's physical or mental ability to do basic work activities (§ 1521). Here, evidence recited in the preceding paragraph makes clear Claimant's Non-Hodgkin's Lymphoma fails to meet either the 12-months duration requirement or the "significantly limits" requirement.

[R. 16].(emphasis supplied)

However, a careful review of the record shows the following: On April 8, 2003, the plaintiff presented to Raj K. Sehgal, M.D., complaining of pain and swelling in her right jaw. [R. 238]. Dr. Sehgal's impression was acute right parotid gland sialadentitis. [R. 86]. On October 23, 2003, she again complained to Dr. Sehgal of swelling and pain in her right jaw. [R. 234]. Dr. Sehgal referred the plaintiff to Hal Loveless, M.D. On November

19, 2003, Dr. Loveless diagnosed parotitis and prescribed heat to the right parotid three times daily, and an antibiotic. [R. 133]. She returned to Dr. Loveless on March 24, 2004, complaining of a swollen face, and Dr. Loveless opined that she may need a parotidectomy. [R. 132]. On April 14, 2004, Dr. Loveless's diagnosis was sialadentitis, and he ordered a sialogram and MRI of the right parotid. [R. 131].

On April 15, 2004, an MRI of the plaintiff's neck was performed. [R. 140-142]. Interpretation of the MRI concluded:

> Right deep cervical chain adenopathy is noted. A 2 cm lymph node is seen just anterior to the right submandibular gland corresponding to focal swelling and tenderness that the patient describes. Smaller, borderline lymph nodes are seen within the left deep cervical chain. Nonspecific subcentimeter lesion is seen within the left parotid gland demonstrating some enhancement. Differential would include small tumor versus inflammatory cyst.

[R. 141-142]. A May 7, 2004, sialogram was negative for stone or stricture. [R. 137]. Thereafter, on May 19, 2004, the plaintiff underwent a right parotidectomy and the diagnosis was large B-cell lymphoma. [R. 135-136]. Chemotherapy and radiation treatments were scheduled and completed.

On August 18, 2004, the plaintiff complained of sharp pains along the left ascending mandible. [R. 129]. By September 29, 2004, she was declared free of lymphoma, yet continued to complain of sharp pain on the left side of her face and neck. [R. 128]. Her complaints of left jaw pain and swelling continued to April 20, 2005, where a treatment note indicated she "[i]s in so much pain is having to take 10 Lortab 10s a day. Wants to know if there is anything stronger she can take. Is unable to work due to pain." [R. 123]. Dr.

3

Loveless speculated whether she needed a left parotidectomy. [Id.]. Her complaints of pain continued through June 15, 2005, when she told Dr. Loveless that she was "somewhat better – 50%" and that the pain still recurred intermittently. [R. 120].

As the plaintiff's alleged onset date is April 27, 2004, and she complained of significant pain up until June 15, 2005, the ALJ's finding that the plaintiff's Non-Hodgkin's Lymphoma and associated pain did not meet the 12-months duration requirement is not supported by substantial evidence.

Therefore, the action will be remanded for proper development of the medical record and "to take the next steps in the sequential evaluation process mandated by the regulations." Brady v. Heckler, 724 F.2d 914, 921 (1984). The plaintiff shall be afforded a new hearing within 60 days from the date of the order entered contemporaneously herewith. The ALJ shall give proper consideration of the plaintiff's physical impairments, including an application of the Eleventh Circuit's pain standard, during this closed period, and to include a consultative examination to evaluate the plaintiff's functional limitations.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 24 March 2010.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.